## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

STEPHEN KING,

        **Plaintiff,**

    **v.**                                **Civil Action No. 2:21-CV-00595**

STRATA SOLAR, LLC,

        **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Strata Solar, LLC's ("Defendant") Motion for Summary Judgment and Stephen King's ("Plaintiff") Motion for Voluntary Dismissal. Mot. Summ. J., ECF No. 12; Mot. Voluntary Dismissal, ECF No. 14. For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Voluntary Dismissal is **DENIED**.

### I.      PROCEDURAL HISTORY

Defendant removed this action from Virginia state court to the Eastern District of Virginia on October 29, 2021. Notice of Removal, ECF No. 1. Defendant filed an answer to Plaintiff's Complaint on November 1, 2021, *see* Answer, ECF No. 4, and moved for summary judgment on May 10, 2022. *See* Mot. Summ. J.; Mem. Supp. Mot. Summ. J., ECF No. 13. Plaintiff filed a Motion for Voluntary Dismissal on May 16, 2022, seeking to dismiss his claim without prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2). *See* Mot. Voluntary Dismissal at 1. Defendant filed a response in opposition to Plaintiff's Motion for Voluntary Dismissal on May 20, 2022. Def.'s Resp. Opp. Mot. Voluntary Dismissal ("Def.'s Resp. Opp."), ECF No. 15. On May 27, 2022, Defendant filed a "Reply" regarding its Motion for Summary Judgment. Def.'s Reply Supp. Mot. Summ. J., ECF No. 16.

Plaintiff never responded to Defendant's Motion for Summary Judgment or Defendant's response to Plaintiff's Motion for Voluntary Dismissal. Trial in this matter is scheduled to start on June 14, 2022. *See* Rule 16(b) Scheduling Order, ECF No. 8.

## II.     ANALYSIS

### A.     Plaintiff's Motion to Dismiss Without Prejudice

Plaintiff is not entitled to voluntary dismissal without prejudice. When evaluating a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), "'a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation.'" *Nesari v. Taylor*, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011) (quoting *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 539 (4th Cir. 2004)). Specifically, "a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, [] and "denial of voluntary dismissal is appropriate where summary judgment is imminent.'" *Id.* (quoting *Skinner v. First Am. Bank of Va.*, No. 93-2493, 1995 U.S. App. LEXIS 24237, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995)).

The Court finds that all of the above considerations weigh in favor of denying Plaintiff's motion for voluntary dismissal. Plaintiff filed his motion less than a month before trial and has failed to offer any explanation as to why a voluntary dismissal is necessary. Defendant has clearly exerted significant effort and expense in removing this action, responding to Plaintiff's Complaint, issuing discovery, moving for summary judgment, and preparing for next week's trial. *See* Def.'s Resp. Opp. at 4. Defendant argues that Plaintiff has failed almost entirely to litigate this case, *see id.* at 4–5, and Plaintiff's failure to even respond to those allegations or any

of Defendant's pleadings is indicative of excessive delay and lack of diligence by Plaintiff. Ultimately, Plaintiff's decision to file for dismissal instead of responding to Defendant's Motion for Summary Judgment is an "attempt to circumvent an expected adverse result" while "summary judgment is imminent." *Nesari*, 806 F. Supp. 2d at 861. For these reasons, Plaintiff's Motion for Voluntary Dismissal is denied.

B.      **Defendant's Motion for Summary Judgment**

Defendant is entitled to summary judgment. "[A] plaintiff's failure to respond to a summary judgment motion constitutes waiver or abandonment of a claim." *Orbit Corp v. Fedex Ground Package Sys., Inc.*, No. 2:14CV607, 2016 WL 6609184, at *15 (E.D. Va. Nov. 8, 2016) (internal citations omitted); *see also Vaughn v. Perea*, No. 1:19cv564 (LMB/TCB), 2022 U.S. Dist. LEXIS 91440, at *2 n.2 (E.D. Va. May 20, 2022) ("When a plaintiff fails to respond to a motion for summary judgment, the motion can be decided solely on the basis of the defendant's submissions."); *Roberts v. Holder*, No. 1:08CV1011(LMB/TRJ), 2009 U.S. Dist. LEXIS 20898, at *14-15 (E.D. Va. Mar. 13, 2009) ("[M]any courts within the Fourth Circuit, as well as other circuits, have held that a plaintiff's failure to respond to a summary judgment motion constitutes waiver or abandonment of a claim.").

Moreover, when a plaintiff fails to respond to a defendant's statement of material facts, the court may assume that all of them are true. E.D. Va. Local Civ. R. 56(B); *Roberts*, 2009 U.S. Dist. LEXIS 20898, at *15 ("[B]ecause Roberts has failed to provide a response to the defendants' statement of material facts, the Court may assume that all of them are true."); *Apedjinou v. Inova Health Care Servs.*, No. 1:18-CV-287, 2018 WL 11269174, at *1 (E.D. Va. Dec. 19, 2018) ("The nonmovant's failure to respond to a fact listed by the movant or to cite to admissible record evidence constitutes an admission that the fact is undisputed.").

In this case, Plaintiff has failed to respond to Defendant's Motion for Summary Judgment and leaves the Court without any facts to consider in support of his claim. Accordingly, the Court finds that Plaintiff has abandoned his claim and accepts as true all of the facts Defendant presented in its Motion for Summary Judgment and accompanying memorandum, demonstrating that Plaintiff was terminated for poor work performance and not unlawful retaliation.

### III.   CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Voluntary Dismissal is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the parties and all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia

Digitally signed by Raymond
Jackson
Date: 2022.06.10 12:20:50
-04'00'

4